O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT L. DUCHESNE, JR.,<br>        Plaintiff,<br>    v.<br>CLAUDIA E. FLORES; ARTURO TORRES; DOES 1–10,<br>        Defendants. | Case No. 2:14-cv-01048-ODW(CWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT AND DENYING EX PARTE APPLICATION TO REMAND AS MOOT [4]** |

On February 11, 2014, Defendants Claudia E. Flores and Arturo Torres removed this state-law, unlawful-detainer action to this Court, ostensibly invoking federal-question jurisdiction under 28 U.S.C. § 1331. But since any federal defense Defendants might have—such as the Protecting Tenants at Foreclosure Act—cannot, as a matter of law, establish federal jurisdiction, the Court **REMANDS** this action back to Los Angeles County Superior Court, case number 13P08493.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal

1  "jurisdiction must be rejected if there is any doubt as to the right of removal in the
2  first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party
3  seeking removal bears the burden of establishing federal jurisdiction. *Durham v.
4  Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at
5  566).

6        Federal courts have original jurisdiction where an action presents a federal
7  question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332.
8  To exercise diversity jurisdiction, a federal court must find complete diversity of
9  citizenship among the adverse parties, and the amount in controversy must exceed
10 $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

11       Defendants contend in their Notice of Removal that the Protecting Tenants at
12 Foreclosure Act establishes a federal-jurisdictional basis for their removal. But it is
13 axiomatic that a federal defense will not support federal subject-matter jurisdiction.
14 *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled
15 law that a case may not be removed to federal court on the basis of a federal defense."
16 (internal quotation marks omitted)); *see also* 28 U.S.C. § 1441(a) (allowing removal
17 only where the district court would have had original jurisdiction).

18       And neither does an unlawful-detainer action give rise to a federal question.
19 *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept.
20 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of
21 action that is purely a matter of state law. Thus, from the face of the complaint, it is
22 clear that no basis for federal question jurisdiction exists.").

23       Second, the amount in controversy does not exceed the diversity jurisdiction
24 threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). "In actions seeking
25 declaratory or injunctive relief, it is well established that the amount in controversy is
26 measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281
27 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*,
28 432 U.S. 333, 347 (1977)). In unlawful-detainer actions, the title to the property is not

the object of the litigation—only the right to possession. *See Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (Ct. App. 1977). The amount in controversy in an unlawful-detainer action is therefore determined by the amount of damages sought in the complaint—here, less than $25,000—not by the value of the subject property. *Id.*

The Court understands that Defendants feels aggrieved by the unlawful-detainer process. But this Court has only limited jurisdiction—jurisdiction which can never, as a matter of law, reach their federal defenses in this removed action. Rather, Defendants may raise those defenses, if any, before the Los Angeles County Superior Court.

The Court finds once again that it lacks federal subject-matter jurisdiction and **REMANDS** this action to Los Angeles County Superior Court, case number 13P08493. In light of this Order, the Court **DENIES** Plaintiff's Ex Parte Application to Remand **AS MOOT**. (ECF No. 4.) The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

February 19, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**